This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Shannon Stevens ("Stevens"), appeals from her conviction in the Lorain County Court of Common Pleas. We affirm.
 I.
Stevens was charged with aggravated vehicular assault, in violation of R.C. 2903.08(A); driving under suspended license, in violation of R.C.4507.02(B)(1) and two counts of leaving the scene, in violation of R.C.4549.02. After a bench trial, the trial court convicted Stevens of the four charges and sentenced her to 6 months in prison to run consecutive to 3 months in the Lorain County Community Facility. The trial court also suspended Stevens' license for 6 months.
This appeal followed. The assignments of error will be considered out of order for ease of discussion.
 II.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ENTERED JUDGMENT OF CONVICTION, WHERE SUCH JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
When a defendant asserts that her conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
In the present case, Stevens was convicted of aggravated vehicular assault. R.C. 2903.08(A) provides:
 [n]o person, while operating or participating in the operation of a motor vehicle * * * shall cause serious physical harm to another person or another's unborn in either of the following ways:
 (1) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance;
(2) Recklessly.
R.C. 2901.01(A)(5) defines serious physical harm as meaning any of the following:
 (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 (b) Any physical harm that caries a substantial risk of death;
 (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
R.C. 2901.22(C) states "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."
At trial, the state presented the following testimony and evidence from Sergeant Smith, Lynn Mazze-Trunkett, a witness at the scene, and Mrs. Klanchar, the victim. Sergeant Smith arrived on the scene and found Mrs. Klanchar in the McDonald's restaurant with a bag of ice on her head. The rescue squad was placing a bandage around her head. After receiving information from Mrs. Klanchar and Stevens' license plate number from the witness, Sergeant Smith located Stevens' vehicle parked in a housing complex.
Sergeant Smith obtained information regarding the owner of the vehicle. He approached her residence, contacted Stevens and discussed the incident that occurred at McDonald's. She admitted hitting another vehicle located behind her in line at the carry out window and explained she left because she did not have a driver's license. Stevens told the sergeant that she did not strike a pedestrian. She merely observed a woman become afraid and fall backwards when Stevens hit her brakes.
Mrs. Klanchar described the following. As she was crossing the street into McDonald's parking lot she saw a car suddenly come toward her. The car struck Mrs. Klanchar's right thigh and she fell to the ground. Her left side and head struck the concrete. A voice from the car inquired whether she was all right, stated something about the brakes and drove away. Mr. Klanchar and two McDonald's employees assisted Mrs. Klanchar into the restaurant. A rescue squad attended to her injuries and drove her to the hospital.
The State presented Mrs. Klanchar's medical records from the emergency room. At the emergency room, Mrs. Klanchar complained of injuries she sustained after being hit by a car. Her diagnosis was a scalp laceration and multiple contusions. The emergency room treated her laceration with a suture and prescribed Darvocet for her pain. Mrs. Klanchar suffered from dizziness, nausea and headaches.
Mrs. Klanchar was unable to return to work for three and a half weeks. She still suffers from headaches that she described as a "very bad" pain in her head that originates from the "soft spot" located on the back of her head at the site of her head injury. On cross-examination, Mrs. Klanchar testified that all of her x-rays and CAT scans came back with negative results.
The defense presented Stevens as its sole witness. Stevens testified that she saw Mrs. Klanchar in the street and hit her brakes very hard to avoid a collision. She observed Mrs. Klanchar loose her footing, fall backwards and hit her head on the concrete. However, Stevens stated that Mrs. Klanchar lost her footing and fell in front of another car. Stevens' passenger exited her vehicle and walked Mrs. Klanchar across the street. After her passenger reentered the vehicle, Stevens drove away. On cross-examination, Stevens admitted that this was the first time she was sharing her information regarding the presence of a second vehicle. She did not inform the officers about an additional vehicle during the investigation of the incident.
The weight of the evidence supported the trial court's conclusions that Mrs. Klanchar's injuries included a head injury, scalp laceration requiring a suture, contusions, leg bruises, dizziness, nausea and headaches. The record supports a finding that Mrs. Klanchar's head injury and resulting headaches were serious physical harm involving "acute pain of such duration as to result in substantial suffering or [involving] any degree of prolonged or intractable pain." R.C. 2901.01(A)(1)(e).
After a careful review of the record, we cannot say that the trial court clearly lost its way and committed a manifest miscarriage of justice in convicting Stevens of aggravated vehicular assault. This court is mindful that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The existence of a difference in testimony regarding whether Mrs. Klanchar fell in front of Stevens' vehicle or another vehicle is not adequate to establish that the judgment was against the manifest weight of the evidence. Accordingly, Stevens' second assignment of error is overruled.
 III.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN VIOLATION OF CRIMINAL RULE 29 ARTICLE 1 SECTION 10 AND 16 OF THE OHIO CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE CONSTITUTION OF THE UNITED STATES WHEN IT DENIED [APPELLANT'S] MOTIONS FOR ACQUITTAL.
A review of the weight of the evidence determines whether the state has met its burden of persuasion. State v. Angle (June 2, 1999), Medina App. No. 2875-M, unreported, at 7. This court has observed that "[b]ecausesufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis sic.) State v. Roberts
(Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4. Because this court finds that the conviction was supported by the weight of the evidence, we necessarily find that there was sufficient evidence to support Stevens' conviction.
Accordingly, Stevens' first assignment of error is overruled.
 IV.
Having overruled Stevens' two assignments of error, the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
WHITMORE, J., BATCHELDER, J. CONCUR.